FRANK N. DARRAS #128904, Frank@DarrasLaw.com
SUSAN B. GRABARSKY #203004, SGrabarsky@DarrasLaw.com
PHILLIP S. BATHER #273236, PBather@DarrasLaw.com

DarrasLaw

3257 East Guasti Road, Suite 300
Ontario, California 91761-1227
Telephone:   (909) 390-3770
Facsimile:   (909) 974-2121

Attorneys for Plaintiff
JEREMIAS JANKO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAS JANKO,<br><br>Plaintiff,<br><br>vs.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>Defendant. | Case No:<br><br>COMPLAINT FOR BENEFITS UNDER AN EMPLOYEE WELFARE BENEFIT PLAN |

Plaintiff alleges as follows:

1.  This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 1132(a), (e), (f), and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101, *et seq.* (hereafter "ERISA") as it involves a claim by Plaintiff for Disability benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.

2.  The ERISA statute at 29 U.S.C. § 1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted.

3. Plaintiff is informed and believes and thereon alleges that the Saks & Company LLC Term Disability Plan ("Plan") is an employee welfare benefit plan established and maintained by Saks & Company LLC to provide its employees and those of its subsidiaries and affiliates, including Plaintiff, JEREMIAS JANKO ("Plaintiff" and/or "MR. JANKO"), with income protection in the event of a disability and is the Plan Administrator.

4. Plaintiff alleges upon information and belief that Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of Pennsylvania, authorized to transact and transacting the business of insurance in this state, and, the insurer and Claims Administrator for the Plan.

5. Plaintiff further alleges that venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) in that defendant LINA, who fully insured the policy and who is ultimately liable if Plaintiff is found disabled, may be found in this district. Since on or about November 1, 1956, LINA has been registered as a corporation with the state of California, has extensive contacts within the state, employs California residents, conducts ongoing business within the state and therefore, may be found within the state.

6. At all relevant times Plaintiff was a citizen of the United States, an employee of Saks & Company LLC, its successors, affiliates and/or subsidiaries, and a participant in the Plan.

7. Based upon information and belief, Plaintiff alleges that at all relevant times herein Plaintiff was covered under group disability policy number NYK-980014 that had been issued by Defendant LINA to Saks & Company LCC to insure its Plan, and the eligible participants and beneficiaries of the Plan, including Plaintiff.

8. The subject Policy promised to pay Plaintiff monthly long term disability benefits for a specified period of time should he become disabled. Therefore, LINA both funds and decides whether claimants will receive benefits under the Plan and as such suffers from a structural conflict which requires additional skepticism.

9. Based upon information and belief, Plaintiff alleges that, according to the terms of the Plan, if Plaintiff became disabled, LINA promised to pay long term disability benefits to Plaintiff as follows:

- Elimination Period: The later of 180 days or the date Short Term Disability benefits end.
- Gross Disability Benefit:
    - The lesser of 60% an Employee's monthly Covered Earnings rounded to the nearest dollar, or the Maximum Disability Benefit, reduced by any Other Income Benefits.
- Maximum Disability Benefit: $12,500 per month.
- Minimum Disability Benefit: 10% of the Employee's Monthly Benefit.
- Maximum Benefit Period: The end of the month in which your 65th birthday occurs.
- Definition of Disability/Disabled:
    - The Employee is considered Disabled if, because of Injury or Sickness, he or she is unable to perform the material duties of his or her regular occupation; and solely due to Injury or Sickness, he or she is unable to earn more than 80% of his or her Indexed Earnings; and
    - After Disability Benefits have been payable for 24 months, he or she is unable to perform the material duties of any occupation for which he or she may reasonably become qualified based on education, training or experience, and solely due to Injury or Sickness, he or she is unable to earn 60% or more of his or her Indexed Earnings.

10. Prior to his disability under the terms of the Plan, on or about July 23, 2018 Plaintiff, who had been employed with Saks & Company LCC, was working as a General Merchandiser.

11. However, on or about July 24, 2018, Plaintiff became disabled under the terms of the Plan.

12. LINA initially approved Plaintiff's claim and paid Plaintiff's disability benefits.

13. However, on or about January 22, 2021, LINA unreasonably and unlawfully denied his long term disability benefits. Plaintiff timely appealed LINA's denial. On November 18, 2021, LINA unreasonably and unlawfully upheld its decision to deny Plaintiff's long term disability benefits.

14. According to LINA's denial letters:

- **January 22, 2021:** "We have completed our review and determined that you no longer remain disabled. …You have the right to bring a legal action for benefits under the Employee Retirement Income Security Act of 1974 (ERISA) section 502(a) following an adverse benefit determination on appeal."

- **November 18, 2021:** "After completing our review of your client's claim, we are unable to continue paying benefits. …You have the right to bring a legal action for benefits under the Employee Retirement Income Security Act of 1974 (ERISA) section 502(a) following an adverse benefit determination on appeal."

15. In so doing, LINA unreasonably and unlawfully failed to timely identify the medical personnel who reviewed Plaintiff's file; relied upon the opinions of physicians who were financially biased and/or not qualified to refute the findings of Plaintiff's board certified physicians; relied strictly upon physical requirements of occupations instead of taking into consideration the non-exertional requirements of Plaintiff's own, or any, occupation; and misrepresented the terms of the Policy.

16. Additionally, LINA knew, or should have known, that the documentation submitted to and/or obtained by LINA clearly substantiated Plaintiff's disability, including, but not limited to, the following:

- January 30, 2020 Plaintiff's Treating Physician Progress Note:
  - Continue off work.
  - Physical Examination:
    - Tenderness and soft tissue swelling bilateral 1st MTPs with bony enlargement.
    - Gait is antalgic.
- April 30, 2020 Plaintiff's Treating Physician Progress Note:
  - Remain out of work as he has considerable recurrence of pain.
  - Continue off work.
  - Physical Examination:
    - Tenderness and soft tissue swelling bilateral 1st MTPs with bony enlargement.
    - Gait is antalgic.
- August 30, 2020 Statement from Plaintiff's Treating Physician:
  - Continue off work.
- October 14, 2020 Plaintiff's Treating Physician Progress Note:
  - Continue off work.
  - Physical Examination:
    - Tenderness and soft tissue swelling bilateral 1st MTPs with bony enlargement.
    - Gait is antalgic.
- June 26, 2021 Plaintiff's Treating Physician Progress Note:
  - Continue off work.
  - Physical Examination:
    - Tenderness and soft tissue swelling bilateral 1st MTPs with bony enlargement.
    - Gait is antalgic.

COMPLAINT

- July 15, 2021 Functional Capacity Evaluation:
    - Occasional bilateral carry: 6 lbs.
    - Firm grasping: avoid
    - Walking: occasional
    - Sitting Total: 2 hours and 7 minutes
    - Sitting (at one time): 30 minutes

17. To date, even though Plaintiff has been disabled, LINA has not paid Plaintiff any disability benefits under the Policy since on or about January 21, 2021. The unlawful nature of LINA's denial decision is evidenced by, but not limited to, the following:

- LINA engaged in procedural violations of its statutory obligations under ERISA, including, but not limited to, failing to promptly identify the medical consultants who reviewed his file; failing to timely advise Plaintiff of what specific documentation it needed from him to perfect his claim; and, failing to provide a complete copy of all documents, records, and other information relevant to his claim despite a request by Plaintiff in violation of 29 C.F.R. Section 2560.530-1(h)(2)(iii);
- LINA ignored the obvious, combed the record and took selective evidence out of context as a pretext to deny Plaintiff's claim; and,
- LINA ignored the opinions of Plaintiff's board certified treating physicians and/or misrepresented the opinions of Plaintiff's treating physicians. Deference should be given to the treating physicians' opinions as there are no specific, legitimate reasons for rejecting the treating physicians' opinions which are based on substantial evidence in the claim file. Further, LINA's highly conflicted physicians' opinions do not serve as substantial evidence as they are not supported by evidence in the claim file nor are they consistent with the overall evidence in the claim file.

18. For all the reasons set forth above, the decision to deny disability insurance benefits was wrongful, unreasonable, irrational, sorely contrary to the

evidence, contrary to the terms of the Plan and contrary to law. Further, LINA's denial decision and actions heighten the level of skepticism with which a court views a conflicted administrator's decision under *Abatie v. Alta Health & Life Insurance Co.*, 458 F.3d 955 (9th Cir. 2006) and *Metropolitan Life Insurance Co. v. Glenn*, 128 S. Ct. 2342 (2008).

19. Additionally, ERISA imposes higher-than-marketplace quality standards on insurers. It sets forth a special standard of care upon a plan administrator, namely, that the administrator "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan, § 1104(a)(1); it simultaneously underscores the particular importance of accurate claims processing by insisting that administrators "provide a 'full and fair review' of claim denials," *Firestone*, 489 U.S., at 113 (quoting § 1133(2)); and it supplements marketplace and regulatory controls with judicial review of individual claim denials, see § 1132(a)(1)(B).

20. As a direct and proximate result of LINA's failure to provide Plaintiff with disability benefits, Plaintiff has been deprived of said disability benefits beginning on or about January 22, 2021.

21. As a further direct and proximate result of the denial of benefits, Plaintiff has incurred attorney fees and costs to pursue this action, and is entitled to have such fees and costs paid by defendants pursuant to 29 U.S.C. § 1132(g)(1), ERISA § 502(g)(1).

22. A controversy now exists between the parties as to whether Plaintiff is disabled as defined in the Plan. Plaintiff seeks the declaration of this Court that he meets the Plan definition of disability and consequently he is entitled to all benefits from the Plan to which he might be entitled while receiving disability benefits, with reimbursement of all expenses and premiums paid for such benefits from January 22, 2021 through the present. In the alternative, Plaintiff seeks a remand for a determination of Plaintiff's claim consistent with the terms of the Plan.



WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1. An award of benefits in the amount not paid Plaintiff beginning on or about January 22, 2021, together with interest at the legal rate on each monthly payment from the date it became due until the date it is paid; plus all other benefits from the Plan to which he might be entitled while receiving disability benefits, with reimbursement of all expenses and premiums paid for such benefits or, in the alternative, a remand for a determination of Plaintiff's claim consistent with the terms of the Plan;

2. An order determining Plaintiff is entitled to disability payments/benefits so long as he remains disabled as defined in the Plan;

3. For reasonable attorney fees and costs incurred in this action; and,

4. For such other and further relief as the Court deems just and proper.

Dated: February 4, 2022



_____
FRANK N. DARRAS
SUSAN B. GRABARSKY
PHILLIP S. BATHER
Attorneys for Plaintiff
JEREMIAS JANKO